Michael SHEPHERD, Plaintiff-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 45028.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1982.

Morton D. Baron, Karen Witte Duros, St. Louis, for plaintiff-appellant.

John Ashcroft, Atty. Gen., Jay A. Daugherty, Jefferson City, for defendant-respondent.

SNYDER, Judge.

This is an action in which the movant Michael Shepherd seeks to vacate a 1977 Rule 27.26 judgment. He filed a pleading styled "Motion to Vacate 27.26 Judgment." The circuit court of the City of St. Louis denied the motion for lack of jurisdiction because it was filed out of time. Shepherd appeals. The judgment is reversed and the cause remanded.

On March 14, 1972, Michael Shepherd pled guilty to two counts of robbery in the first degree. See § 560.120 RSMo. 1969. He was sentenced to 30 years imprisonment for each offense, the sentences to be served concurrently. On May 6, 1974, movant filed a Rule 27.26 motion seeking to set aside his convictions and sentences. The motion was denied on October 13, 1977.

On November 17, 1980, movant filed a "Motion to Vacate 27.26 Judgment." He alleged that his attorney in the 1977 proceedings failed to appeal the 1977 judgment, although the attorney had promised to do so. Movant also claimed that he was unable to perfect his appeal because he was placed in solitary confinement and, thus, was denied access to the necessary legal materials.

Movant's appointed counsel withdrew on August 4, 1981 by leave of court. On August 5, 1981, the lower court ruled that the motion to vacate was filed out of time and, therefore, the court was without jurisdiction to rule on it. On August 28, 1981, another attorney was appointed to represent the movant and this court granted leave to file a late appeal.

Movant appeals on two points. First, he claims that his motion to vacate the Rule 27.26 judgment was a permissible successive motion under Rule 27.26. Second, he claims that the trial court erred in ruling on the motion without first appointing a successor counsel to represent him.

This court finds that, although the trial court was correct in treating movant's motion as an after trial motion filed out of time, the cause should be remanded to allow amendment of the motion to conform with the requirements of Rule 27.26.

■ Rule 27.26 is the exclusive procedure by which a person in custody can attack and have corrected or vacated an unlawful sentence. *State ex rel. Carlton v. Haynes,* 552 S.W.2d 710, 715[7] (Mo. banc 1977); Rule 27.26(b)(1). But in order for the court to consider a motion under Rule 27.26, it must be "submitted in a form substantially in compliance with" the questionnaire provided in the Appendix to the Rule. Rule 27.26(c); *State v. Rector,* 547 S.W.2d 525, 526[1] (Mo. App. 1977). "[T]he ... rule is designed to discover and adjudicate all claims for relief on one application and avoid successive motions by requiring mo-

tions to be in questionnaire form and by providing for the appointment of counsel if the motion presents questions of law or issues of fact and the movant is shown to be indigent." *State v. Stidham,* 415 S.W.2d 297, 298[2] (Mo. banc 1967).

A successive motion may be filed only if the prisoner can establish any new grounds for post-conviction relief. Those grounds must be ones that were not and could not have been raised in the prior motion. Rule 27.26(d); *See also Flowers v. State,* 618 S.W.2d 655, 657 (Mo. banc 1981).

Despite movant's argument to the contrary, the questionnaire provided for under Rule 27.26 also applies to the filing of successive motions. The form is designed to provide the court with the necessary information to consider any motion raised under Rule 27.26, and to dispense with that requirement would defeat the intent of the Supreme Court in creating it.[1]

A successive Rule 27.26 motion must seek to vacate, set aside or correct the sentence attacked in the prior motion. It must also comply with the form provided in the appendix to the rule and state grounds that were not and could not have been raised in the prior motion. Only when these requirements are met will a court have jurisdiction to consider the merits of the appellant's claim under Rule 27.26(d).

In *Flowers v. State, supra,* a claim that prior counsel failed to perfect an appeal from the denial of a prior 27.26 motion, was held to be a permissible successive motion under Rule 27.26. The facts in *Flowers* are similar to the facts in the instant case. In the *Flowers* decision, the Supreme Court of Missouri held that if movant, at an evidentiary hearing, could prove that he had been abandoned on appeal, the lower court could vacate the original Rule 27.26 judgment and enter a new judgment with the time for appeal commencing to run from the date of the new judgment. The practical effect of the remedy is to provide the movant with his right of appeal from the original Rule 27.26 judgment.

This result does not affect the validity of the lower court's ruling on the original Rule 27.26 motion, or allow an opportunity to relitigate the issues previously raised at the trial level. Its purpose is merely to provide a method whereby the movant can file a timely appeal. Thus, the successive motion recognized in *Flowers* is a continued attack on the original conviction, rather than an attack on the prior Rule 27.26 motion judgment.

The trial court in the instant case was technically and procedurally correct in declining to consider the motion to vacate the 27.26 judgment as a successive motion under Rule 27.26. The motion failed to comply with requirements of Rule 27.26.

If the lower court judgment were to be affirmed, however, movant could then file a new motion in the proper form and start the process all over again. In the interest of judicial economy and efficiency it is better to remand the cause to allow movant the opportunity to amend the present motion to comply with Rule 27.26.

The judgment is reversed and the cause remanded.

REINHARD, P.J., and CRIST, J., concur.

---

1. Although it is true, as movant claims, that a court will treat a pleading as a motion under Rule 27.26 when the allegations and *prayer for relief* are properly within that rule, *State v. Childers,* 328 S.W.2d 43, 44[1] (Mo. 1959), such is not the case here. (Emphasis added). "Rule 27.26 is intended 'only as a means to attack a criminal conviction and *limits the remedy to test the validity of the sentence entered upon the conviction.' "* *State v. Brown,* 633 S.W.2d 301, 302[1] (Mo. App. 1982), citing *Brown v. State,* 574 S.W.2d 501, 502 (Mo. App. 1978). (Emphasis added). The appellant here does not attack his criminal conviction, but a lower court's action on a prior 27.26 motion. He requests relief not provided for under Rule 27.-26.