**Jesse SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 49731.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 1, 1985.

**616**

Dorothy Hirzy, St. Louis, for appellant.

William L. Webster, Atty. Gen., Victorine R. Mahon, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 27.26 motion. We reverse and remand, with leave for movant to file an amended Rule 27.26 motion.

After a jury trial, movant was convicted of murder in the second degree, and sentenced to 25 years' imprisonment on May 15, 1980. This conviction was affirmed by this court on September 28, 1982. *State v. Smith*, 641 S.W.2d 463 (Mo.App.1982). His first Rule 27.26 motion filed on November 19, 1982, was denied on June 3, 1983. No appeal was taken from the denial of that motion.

On March 13, 1984, movant filed a successive Rule 27.26 motion, alleging the counsel appointed to represent him on the first motion had abandoned him on appeal. The state responded, on May 15, 1984, with a motion to dismiss on the ground movant could still obtain an order from the appellate court to file his notice of appeal out of time under Rule 30.03. Movant's attorneys were served with the motion to dismiss on May 25, 1984, when there were ten days left in which to follow the procedure of Rule 30.03. Movant did not act to invoke the rule. The trial court denied his Rule 27.26 motion without an evidentiary hearing on July 24, 1984. This court granted permission to file a late notice of appeal on March 1, 1985, and the notice of appeal was filed in the trial court on March 11, 1985.

Movant relies on the factually similiar case of *Flowers v. State*, 618 S.W.2d 655 (Mo.banc 1981). In *Flowers*, the appellant, serving a 20 year sentence, filed a Rule 27.26 motion that was denied. Flowers filed a timely *pro se* notice of appeal, was granted leave to proceed *in forma pauperis* and counsel was appointed to represent him on appeal. No further steps were taken to perfect the appeal, which was dismissed by the court of appeals in 1977. In 1978, Flowers filed a second Rule 27.26 motion, alleging, *inter alia*, abandonment on appeal by prior counsel. This trial court dismissed the second motion.

This dismissal was reversed by the Missouri Supreme Court, which held Flowers was entitled to an evidentiary hearing to determine whether appellant was abandoned on the appeal of his first Rule 27.26 motion. *Flowers*, 618 S.W.2d at 657. While *Flowers* involved a failure to perfect an appeal when the notice of appeal was timely filed, the rationale applies to the situation where no notice of appeal was filed. *Shepherd v. State*, 637 S.W.2d 801, 803 (Mo.App.1982). Rule 30.03 was not involved in either case. In *Flowers*, as a notice of appeal had been timely filed, there was no need to obtain permission to file a late notice of appeal. In *Shepherd*, the successive Rule 27.26 motion alleging abandonment on appeal was filed three years after the denial of the first motion, well beyond the one year time limit in the rule.

In the case at bar, movant's attorneys should have known of the possibility of relief under Rule 30.03, and they had actual knowledge with ten days left in the period to file an application under the rule. As it was still possible to obtain relief by

appeal when the second Rule 27.26 motion was filed, the second motion was untimely. Rule 27.26 (b)(2). The dismissal of the motion was therefore technically correct and procedurally proper.

After the expiration of the period prescribed in Rule 30.03, movant may obtain relief through a successive Rule 27.26 motion. *Flowers, supra; Shepherd, supra.* Therefore, in the interest of judicial economy, the cause is remanded to allow movant to amend his motion to comply with Rule 27.26. *See Shepherd,* 637 S.W.2d at 803. To entitle movant to a hearing, the motion, as amended, must allege facts which, if true, show abandonment of the appeal by his appointed counsel.

Reversed and remanded, with movant granted leave to file an amended Rule 27.- 26 motion in accordance with this opinion.

DOWD, P.J., and CRANDALL, J., concur.