John MILLS, Appellant,

v.

STATE of Missouri, Respondent.

No. 55362.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 2, 1989.

Steven E. Jordon, Farmington, for appellant.

William L. Webster, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

John Mills was found guilty by a jury in the Circuit Court of St. Francois County of stealing over $150 and sentenced as a persistent offender to a term of 15 years. His conviction was affirmed on direct appeal. *State v. Mills*, 728 S.W.2d 319 (Mo.App. 1987).

On September 14, 1987 Mills filed a pro se motion to vacate pursuant to Rule 27.-26.[1] Counsel was appointed and an amend-

---

1. Rule 27.26 has been repealed as of January 1, 1988. Since this motion was pending prior to that date it is governed by the provisions of Rule 27.26 in effect of the date the motion was filed. Rule 29.15(m).

ment, incorporating the allegations of the original motion and adding others, was filed. The State filed a Motion for Summary Judgment supported by an affidavit of movant's trial counsel in which certain of the allegations of the original and amended motions were refuted. The motion court sustained this motion for summary judgment with detailed findings of fact and conclusions of law. Mills appeals. We dismiss the appeal due to lack of jurisdiction.

Rule 27.26(c) provides:

A motion to vacate a sentence must be submitted on a form substantially in compliance with the form appended hereto. The motion shall include every ground known to the prisoner for vacating, setting aside, or correcting his conviction and sentence. The prisoner shall verify the correctness of the motion, including the fact that he has recited all claims known to him.

The form appended to the rule recites in its instructions

In order for this motion to receive consideration by the circuit court, it shall be in writing (legibly handwritten or typewritten), signed by the petitioner and verified (notarized), and it shall set forth in concise form the answers to each applicable question.

\* \* \* \* \* \*

Since every motion must be sworn to under oath, any false statement of a material fact therein may serve for the basis of prosecution and conviction for perjury. Petitioner should therefore exercise care to assure that all answers are true and correct.

Neither the original pro se motion nor the amendment filed by appointed counsel is verified. The language of the rule as well as that of the appended form is mandatory in requiring verification. In *State v. Rector*, 547 S.W.2d 525, 526 (Mo.App.1977) this court held that failure to comply with the form and verification requirements of Rule 27.26 mandated dismissal of the motion. In *Riley v. State*, 588 S.W.2d 738, 741 (Mo.App.1979) we affirmed the trial court's dismissal of a Rule 27.26 motion, one of the

grounds for dismissal being the failure to verify the allegations of the motion.

The obvious purpose of the verification requirement of Rule 27.26(c), as well as the caveat regarding possible prosecution for perjury contained in the instructions to the appended form, is to discourage frivolous and unfounded allegations which must be addressed by trial courts already over burdened with a proliferation of post-conviction remedy motions. We are unable to say whether Mills' failure to swear to the truth of his allegations was inadvertent or a deliberate attempt to evade possible prosecution for perjury. In either event, we are not free to ignore the formal requirements the Supreme Court saw fit to adopt. "Only when these requirements are met will a court have jurisdiction to consider the merits of appellant's claim under Rule 27.26(d)." *Shepherd v. State*, 637 S.W.2d 801, 803 (Mo.App.1982).

Accordingly, the appeal is dismissed. The cause is remanded with directions to vacate the order of summary judgment and to dismiss appellant's Rule 27.26 motion without prejudice.

PUDLOWSKI, C.J., and CRANDALL, J., concur.