**Johnny D. QUINN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41329.**

Missouri Court of Appeals, Western District.

Sept. 26, 1989.

Application to Transfer Denied Dec. 12, 1989.

Terri L. Backhus, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and LOWENSTEIN and BERREY, JJ.

CLARK, Presiding Judge.

Johnny D. Quinn was convicted of first degree assault, first degree robbery and armed criminal action and the convictions were affirmed by this court in *State v. Quinn,* 721 S.W.2d 10 (Mo.App.1986). On May 26, 1988, Quinn filed his motion for post-conviction relief. The trial court denied the motion without a hearing upon the finding that the files and records in the case refuted Quinn's motion allegations. Quinn has appealed asserting various points of error.

Quinn's pro-se motion alleged that his trial counsel was ineffective for failing to object to identification testimony in that Quinn had not been provided the services of an attorney when one witness identified Quinn in a photographic display and another witness selected Quinn from a three person line-up. Quinn contended this denial of counsel violated his Sixth Amendment rights under the United States Constitution.

Briefly, the facts of the case were that Lisa Craddock and Timothy Hawkins were walking along a sidewalk in Kansas City at approximately 10:00 p.m. on August 11, 1984, when a car pulled up, the driver got out and approached with a drawn gun.

Lisa ran and the gunman fired shots after her. Hawkins remained and was grabbed by the gunman who demanded money. Hawkins gave him what cash he had and then fled. The man fired several shots at Hawkins as he ran. Hawkins obtained the license number of the gunman's car which the police traced to Quinn the next day.

Quinn was placed under arrest on August 12, 1984. The next day, Hawkins viewed a three person line-up and identified Quinn as the robber-gunman. Lisa Craddock was shown photographs and she selected Quinn's picture as that of the robber. Following these identifications, Quinn was charged with the offenses.

■ The trial court correctly denied Quinn's motion for post-conviction relief. The Sixth Amendment right of an accused to counsel does not attach until the initiation of adversarial proceedings and therefore presence of counsel is not required where a line-up occurs before the defendant has been formally charged. *State v. Motley,* 740 S.W.2d 313, 318 (Mo.App.1987). The same rule applies to instances of photo displays. *State v. Brookins,* 468 S.W.2d 42, 47 (Mo.1971); *State v. Lynch,* 528 S.W.2d 454, 460 (Mo.App.1975). Because Quinn's motion stated no legal ground for relief, assuming the facts he asserted were true, there was no obligation to conduct an evidentiary hearing. The motion was subject to summary denial.

After Quinn had filed the motion discussed above, counsel was appointed for him and an amended motion was filed. In the amended motion, allegations of ineffective assistance of counsel were added dealing generally with the failure of the attorney to procure and submit evidence supporting Quinn's claim that his car had been stolen the night in question by a Don Joe Frazier, who was in fact the actual robber, and also with complaint about the identification testimony by the witnesses. The trial court considered each of these allegations and determined that the files and records conclusively disproved them, all as described by the court in its detailed findings.

The problem with the amended motion, apart from the deficiencies in substance, is that it was signed only by appointed counsel and therefore was not verified by Quinn as required by Rule 29.15(f). In *Mills v. State*, 769 S.W.2d 469 (Mo.App.1989), the court in dealing with an unverified motion filed under Rule 27.26 discussed the purposes for the rule requiring verification of post-conviction motions. One purpose in the prospect of prosecution for perjury is to discourage frivolous and unfounded allegations and fanciful contentions which have no factual grounds. Verification of motions by the post-conviction movant constitutes an admonition that care be taken to ensure the assertions in the motion are true.

In *Mills*, the court was considering a motion under prior Rule 27.26. Under that rule, paragraph (c) included the sentence, "The prisoner shall verify the correctness of the motion, including the fact that he has recited all claims known to him." The form for Rule 27.26 motions incorporated in the rule showed that the word "verify" meant that the prisoner must sign the motion and have his signature acknowledged. Rule 27.26 made no mention of amended motions in terms of a requirement for signature and verification.

The current Rules 29.15(d) and 29.15(f) are more explicit in terminology and add emphasis to the verification requirement *Mills* held to be a jurisdictional requisite. It is now expressly provided that the movant shall verify both the pro se motion and any amended motion.

■ We hold, therefore, that the trial court is not required to rule on the merits of a motion presented under Rule 29.15, either as an original filing or as an amended motion, if the movant has not himself verified the motion as provided in Rule 29.15(d) and 29.15(f). Such motions should be dismissed.

In the present case, Quinn's amended motion, which was not signed and verified by him, presented nothing for the trial court to consider and certainly no cause for an evidentiary hearing. It necessarily follows that the point Quinn raises on appeal concerning the failure of the trial court to grant an evidentiary hearing on the merits of his amended motion also could have no merit. Ex gratia, however, we have considered the contentions and find no error.

The judgment is affirmed.

All concur.