**Raymond MILENTZ, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56173.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 6, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 7, 1990.

Application to Transfer Denied
April 17, 1990.

Beverly A. Beimdiek, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Chief Judge.

Movant, Raymond Milentz, appeals the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

On May 29, 1975, movant was convicted by a jury of two counts of second degree murder, and one count of escaping custody after conviction. He was later sentenced to serve a total of sixty years imprisonment. The sentence was affirmed on direct appeal in *State v. Milentz*, 547 S.W.2d 164 (Mo.App.1977).

Movant filed a *pro se* motion under Rule 27.26 on March 2, 1987. On March 20, 1987, the state filed a motion to dismiss. After appointment of counsel, an amended motion was filed October 5, 1987 alleging ineffective assistance of counsel. A hearing was held on the state's motion to dismiss on October 9, 1987. The motion court granted the state's motion to dismiss and denied movant's Rule 27.26 motion without an evidentiary hearing, stating that movant "has failed to properly allege any facts establishing any claim of ineffectiveness of counsel."

On appeal, movant contends that the motion court erred in denying his Rule 27.26 motion without an evidentiary hearing, where movant's claim that trial counsel failed to adequately investigate his case was in no way refuted by the record. Specifically, in the argument portion of his brief, movant states that trial counsel "failed to contact witnesses along the route that [movant] was being chased by police and failed to investigate possible gun shots to movant's car."

■ Appellate review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915[1] (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous if, upon review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915[1].

■ To be entitled to an evidentiary hearing: (1) movant must allege facts, not conclusions, warranting relief; (2) the facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. *Thomas v. State*, 736 S.W.2d 518, 519[1, 2] (Mo.App. 1987). A demonstration of ineffective assistance of counsel requires movant to show that: (1) trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and (2) he was thereby prejudiced. *Rowan v. State*, 779 S.W.2d 657, 658[1, 2] (Mo.App. 1989). In particular, "[w]hen an ineffective assistance of counsel claim is based on counsel's alleged failure to investigate, movant must allege 'what specific information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that the information would have aided or improved [movant's] position.'" *Thomas*, 736 S.W.2d at 519[1, 2] (quoting *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979)).

■ Movant's allegations regarding the ineffective assistance of counsel fall short of alleging the last two requirements of *Thomas* and *Rice*. Neither the *pro se* nor amended motion alleges that reasonable investigation by trial counsel would have disclosed the potential witnesses or the alleged gun shots at movant's car. Further, neither the *pro se* nor amended motion alleges that production of such information would have aided or improved movant's position. The argument portion of movant's brief does allege that the information would have aided movant's defense, but that does not cure the defect of failing to include this in either the *pro se* or amended motion. Thus, the motion court's denial of movant's Rule 27.26 motion was not clearly erroneous, and an evidentiary hearing was not warranted.

Judgment affirmed.

DOWD, P.J., and JOSEPH J. SIMEONE, Senior Judge, concur.