**Robert WITCHER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56432.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 27, 1990.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
April 25, 1990.

Application to Transfer Denied
June 19, 1990.

Dorothy M. Hirzy, Sp. Public Defender, David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Robert Witcher, appeals the denial of his Rule 24.035 motion after an evidentiary hearing. We affirm.

On February 23, 1988, movant pled guilty to attempted forcible rape. He was sentenced, on April 8, 1988, to forty years in the Missouri Department of Corrections. On July 13, 1988, movant filed a timely *pro se* motion under Rule 24.035 maintaining that he was coerced into pleading guilty by his family and by counsel. An unverified amended motion was timely filed on November 18, 1988. After a two-day evidentiary hearing, the motion court denied movant's Rule 24.035 motion and this appeal followed. We affirm.

In an appeal from a trial court's action on a motion filed under Rule 24.035, appellate review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *White v. State*, 781 S.W.2d 167, 168 (Mo.App., E.D.1989); Rule 24.035(j). The findings and conclusions of the motion court are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989).

■ Movant first contends that the motion court erred in finding that he was not coerced into pleading guilty by his family and his attorney. Testimony presented at the evidentiary hearing revealed that, after voir dire but prior to the beginning of trial, movant's attorney interrupted the proceedings and requested a recess. Thereafter, following extensive discussions with his family who were present in the courtroom movant entered a plea of guilty. At the evidentiary hearing on movant's Rule 24.-035 motion, movant and his relatives testified that, during these discussions, movant's attorney advised them that movant could get professional help for his alcohol problem if he pled guilty and that the trial court could give him less time than the forty years recommended by the State.

Movant's attorney, however, testified that, although she informed movant and his family that psychological help was available through the Missouri Department of Corrections, she also told them that the movant would have to "take the initiative" and that the decision of whether or not he was admitted into the program was up to the parole board. Movant's attorney also testified that she informed movant and his relatives that she felt the judge would follow the State's recommendation.

■ The motion court found that the testimony of movant and his relatives was "not credible and not worthy of belief" and chose to believe the testimony of movant's attorney. The credibility of a witness is for the motion court's determination and it may reject the testimony of the movant or any other witness. *Wooten v. State*, 776 S.W.2d 453, 455 (Mo.App., E.D.1989).

Prior to accepting the movant's guilty plea, the trial court asked the movant several questions:

Q. Now is this what you desire to do in this case, to waive your right to a trial by jury and to plead guilty to this charge?

A. Yes, sir.

Q. You understand this is final here today, sir, you cannot come back at a later date and plead not guilty, do you understand that?

A. Yes, sir.

Q. Now has anyone made any promises to you in exchange for this plea of guilty here today?

Miss Randall: Other than the offer of time?

A. That's about it, the offer of time.

Q. (By the court) Okay. And what is that time that your attorney informed you the State would make a recommendation to this court of?

A. Forty years.

Q. Forty years. You understand that, sir?

A. Yes, sir.

Q. Now, sir, have you entered this plea voluntarily, that's of your own free will, sir?

A. Yes, sir.

Q. Did anyone coerce you or force you to plead guilty, sir?

A. No, sir. . . .

Miss Autrey: I would like for the record for the defendant to state on the record that he is pleading guilty because he is guilty and for no other reason other than the negotiated time which we have agreed.

The court: Do you understand that, sir?

Defendant: Yes.

The court: You're pleading guilty because you are guilty of this offense, you understand that, sir?

Defendant: Yes, sir.

The record of the guilty plea clearly refutes movant's allegation that he was coerced into pleading guilty and misled by his counsel. We do not find this conclusion of the motion court to be clearly erroneous. Point denied.

■ Movant next claims that the motion court was clearly erroneous in finding that his trial counsel was not ineffective because she failed to sufficiently confer with him and failed to secure an expert concerning sexual offenders to determine if the defense of diminished capacity was avail-able. This court notes that the above allegations were first presented in the movant's unverified amended motion.

Rule 24.035(f) states that "any amended motion shall be verified by the movant." In *Mills v. State*, 769 S.W.2d 469 (Mo.App., E.D.1989), this court was presented with an unverified *pro se* motion filed under Rule 27.26. The court stated "[T]he obvious purpose of the verification requirement of Rule 27.26(c) . . . is to discourage frivolous and unfounded allegations which must be addressed by trial courts already over burdened with the proliferation of post-conviction remedy motions." *Id.* at 470. The court, then, held that the motion court did not obtain jurisdiction when a movant's motion was unverified. *Id.*

In *Quinn v. State*, 776 S.W.2d 916 (Mo. App.1989), the Western District held that the language contained in Rule 29.15(f) regarding verification of amended motions was "more explicit in terminology" and it added "emphasis to the verification requirement *Mills* held to be a jurisdictional requisite." *Quinn*, at 918. The court, thus, held that, where a movant failed to verify his motion, "such motions should be dismissed." *Id.*

The language contained in Rule 24.035(f) is functionally identical to that contained in Rule 29.15(f). This court finds *Mills* and *Quinn* to be persuasive precedent and holds that an unverified motion presents nothing for the motion court to review. It necessarily follows that the trial court could not commit error in denying movant relief on any of the claims presented in an unverified motion. Affirmed.

REINHARD and CRIST, JJ., concur.