**Leon WEST, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56518.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 3, 1990.

Harold W. Fraser, Edina, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Leon West, appeals from the dismissal of his Rule 29.15 motion without an evidentiary hearing. Appellant was convicted by a jury of first degree robbery and on January 27, 1987, was sentenced to ten years imprisonment. His sentence and conviction were affirmed on direct appeal in *State v. West,* 744 S.W.2d 886 (Mo.App., E.D.1988). We affirm.

Appellant filed his Rule 29.15 *pro se* motion on March 21, 1988, however, his motion was not verified. Counsel was appointed for appellant on April 6, 1988, and on May 26, 1988, counsel requested a 30 day extension of time with which to file an amended motion. An amended motion was never filed and the motion court dismissed appellant's *pro se* motion because it was not verified. Appellant appeals from this dismissal and claims that the operation of Rule 29.15(d), which requires verification, deprives him of due process and the opportunity to seek habeas corpus review. We do not agree.

■ The requirement that a post-conviction movant verify his requests for review is based on sound reasoning. This court, in *Mills v. State,* 769 S.W.2d 469 (Mo.App., E.D.1989), ordered the dismissal of Mr. Mills' *pro se* and amended motions under Rule 27.26 because neither had been verified. *Id.* at 470. The court explained the purpose behind the verification requirement as follows:

The obvious purpose of the verification requirement of Rule 27.26(c), as well as the caveat regarding possible prosecution for perjury contained in the instructions to the appended form, is to discourage frivolous and unfounded allegations which must be addressed by trial courts already over burdened with a proliferation of post-conviction remedy motions. We are unable to say whether Mills' failure to swear to the truth of his allegations was inadvertent or a deliberate attempt to evade possible prosecution for perjury. In either event, we are not free to ignore the formal requirements the Supreme Court saw fit to adopt.

*Id.*

Discouraging frivolous and unfounded allegations is as important under Rule 29.15 as it is under former Rule 27.26. Indeed, Rule 29.15(d) states, in part, that:

The movant shall verify the motion, declaring that he has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion.

Rule 29.15(d) (1989).

In *Quinn v. State,* 776 S.W.2d 916 (Mo. App., W.D.1989), the Western District was presented with an appellant whose amended Rule 29.15 motion was not verified as required under Rule 29.15(f). *Id.* at 918. The court, relying on the rationale of *Mills,* held that where the appellant does not verify a motion as required under Rule 29.15(d) or 29.15(f), the motion should be dismissed. Slip op. at 4. We agree with this holding and note further that the Missouri Supreme Court has held that the time limitations and procedural requirements of Rule 29.15 are valid and mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989).

In the present case, appellant filed his *pro se* motion using Missouri Department of Corrections form number 40 which states clearly that "[I]n order for this motion to receive consideration by the Circuit Court, it shall be in writing (legibly handwritten or typewritten), signed by the movant and verified (notarized) ..." However, appellant failed to properly verify (notarize) the form before submitting it to the court.

Since no amended motion was ever filed, the only motion before the court was appellant's unverified *pro se* motion. Since this motion was not verified as required under Rule 29.15(d), the court's dismissal of the motion was proper.

■ Appellant next asserts that the requirement that his motion be verified, or,

conversely, that it be dismissed if not verified, deprives him of due process and of habeas corpus review. We note initially that neither Missouri nor any other state is constitutionally required to provide appellant with an avenue for post-conviction review. *Day*, 770 S.W.2d at 695. The constitutionality of the time limitations and procedural requirements of Rule 29.15 were upheld by the Missouri Supreme Court in *Day v. State. Id.* Appellant is therefore asking that we declare the verification requirement unconstitutional and directly reverse the holding of the Missouri Supreme Court which held Rule 29.15's procedural requirements to be constitutional and mandatory. *Id. See also Sloan v. State*, 779 S.W.2d 580, 581–82 (Mo. banc 1989). This we will not do. Point denied.

Since appellant's *pro se* motion was not verified, we affirm the motion court's dismissal of his Rule 29.15 motion.

REINHARD and CRIST, JJ., concur.