**STATE of Missouri, Respondent,**

**v.**

**Larry HOWARD, Appellant.**

**Larry HOWARD, Movant–Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**Nos. 55243, 56678.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 17, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 16, 1990.

Application to Transfer Denied
June 19, 1990.

**192**

Earlyne Thomas, St. Louis, for appellant and movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

We affirm defendant's conviction and sentence after a jury trial on the charge of tampering in the first degree, § 569.080 RSMo 1986, and denial of rule 29.15 relief.

■ We reject defendant's only claim of error on direct appeal, a *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) challenge to jury selection, for the following reasons. First, the jury selected to try defendant, a black man, consisted of nine whites and three blacks. The absence of a monochromatic jury undercuts any inference of racial discrimination in the selection process. *State v. Crump*, 747 S.W.2d 193, 196 (Mo.App. 1988).

Second, the state struck two of six blacks. It did not use all available strikes to remove black venirepersons. This strat-egy undercuts any inference of impermissible discrimination. *State v. Griffin*, 756 S.W.2d 475, 482 (Mo. banc 1988).

Third, the prosecutor explained the two strikes of black venirepersons in terms sufficient to rebut a claim of due process violation. One was once caught in a stolen car and was equivocal on his ability to be fair and impartial. The other was dissatisfied with police actions when his car was stolen and after a burglary. He also was acquainted with defendant's counsel. Further, at trial defendant did not challenge the explanations as pretextual. *State v. Antwine*, 743 S.W.2d 51, 64 (Mo. banc 1987).

■ We find no error in denying Rule 29.15 relief. First, the issues alleged in the amended motion were not properly before the motion court because the amended motion was not verified as now mandated by rule 29.15(f). *Mills v. State*, 769 S.W.2d 469, 470 (Mo.App.1989).

■ Second, the record does not support the claims alleged as grounds for relief relating to absence of trial counsel objections to: (1) a voir dire matter; (2) the state's opening statement; (3) evidence about some license plates. There is no evidence these failures, if they were, constituted ineffective assistance or caused prejudice which may have altered the result in a case where defendant was caught by police officers in a vehicle that had been stolen and where the license plates on the car had not been issued to any vehicle. Movant failed to sustain his burden of proof on either requirement. *Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979).

We affirm both appeals.

PUDLOWSKI, P.J., and CRANDALL, J., concur.