**Curtis WEAVER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57371.**

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 14, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 19, 1990.

Application to Transfer Denied Nov. 20, 1990.

Marc B. Fried, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant was charged with murder in the second degree. Movant pled guilty to the amended charge of manslaughter pursuant to a plea bargain. Movant was sentenced to five years' imprisonment in the Missouri Department of Corrections (MDC). Execution of movant's sentence was suspended and he was placed on five years' probation. Movant's probation was revoked and he was remanded to the custody of MDC. He was released one hundred days later and continued on probation. Once again probation was revoked and movant was remand-

ed to the custody of MDC and ordered to serve the remainder of his sentence there.

Movant timely filed his *pro se* motion within ninety days of delivery to MDC. Rule 24.035(b). Thereafter, movant's attorney filed an unverified amended motion. A prehearing conference was held. Movant's request for an evidentiary hearing was denied. Thereafter the motion court set forth findings of facts and conclusions of law denying movant's motion.

Movant appeals alleging he was not afforded effective assistance of counsel in that his trial attorney coerced him into pleading guilty.

■ At the onset, we note movant's amended motion is unverified in violation of Rule 24.035(f). The law is well settled that the requirement of verification is not a mere formality. The purpose of Rule 24.035(f) is to discover and adjudicate all claims for relief in a single proceeding. *See Kilgore v. State,* 791 S.W.2d 393, 395 [2] (Mo. banc 1990). Movant's failure to file his verified amended motion to vacate constituted a waiver of all grounds for relief asserted in such a motion. Rule 24.035(f); *Batson v. State,* 774 S.W.2d 882, 884–885 [1, 2] (Mo.App.1989); *Quinn v. State,* 776 S.W.2d 916, 918 [1, 2] (Mo.App. 1989); *Mills v. State,* 769 S.W.2d 469, 470 (Mo.App.1989). Thus we will not review any new allegations raised in movant's amended motion.

■ The standard for determining whether movant is entitled to an evidentiary hearing requires that movant plead facts, not conclusions, which if true would entitle him to relief; and that such factual allegations are not refuted by the record in the case. *Reeder v. State,* 712 S.W.2d 431, 432 [1] (Mo.App.1986).

In movant's *pro se* motion he alleges he was denied effective assistance of counsel in that his trial attorney coerced him to plead guilty.

■ Movant has not provided us with a copy of the transcript of the guilty plea hearing. Movant cannot possibly demonstrate the facts he pleads are not refuted by the record where he has neglected to provide this court with a record of his guilty plea. A movant seeking to vacate

his conviction must present this court with a record of the proceedings that includes all matters pertinent to the issue he raises. *Chamberlain v. State*, 721 S.W.2d 139, 140 [1–3] (Mo.App.1986). Movant has not met his obligation.

However, the motion court's findings and conclusions contain an excerpt from the transcript of the guilty plea. Upon review, it is clear that movant's testimony at the guilty plea hearing refute his allegation that his trial counsel coerced him into pleading guilty. At the guilty plea hearing, movant stated he believed his attorney had fully advised him of all his rights and consequences of his guilty plea; he was given sufficient time to discuss the matter with his attorney; he had no complaints of his attorney; and he was pleading guilty because he was in fact guilty and not because his attorney told him to lie or withhold facts from the court.

Movant's own statements refute his contention. The motion court's findings, conclusions and judgment are not clearly erroneous. Rule 24.035(j). Judgment affirmed.

GARY M. GAERTNER, P.J., and HAMILTON, J., concur.