STATE of Missouri, Respondent,

v.

Richard E. SINGLETON, Appellant.

No. WD 40986.

Missouri Court of Appeals,
Western District.

Sept. 11, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Oct. 30, 1990.

Application to Transfer Denied
Dec. 18, 1990.

John A. Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and FENNER and ULRICH, JJ.

LOWENSTEIN, Presiding Judge.

This appeal consolidates the direct appeal of Singleton containing two counts of offering to commit violence to a correctional officer, Section 217.385, RSMo 1986, and an appeal of a dismissal of a post conviction remedy under Rule 29.15.

Singleton was jury-convicted and sentenced as a persistent offender to concurrent five year sentences for kicking and punching two corrections employees. His first point attacks the convictions because of instructional error in using verdict directors patterned after the applicable MAI CR3rd instructions. He claims the instructions fail to "prescribe any culpable mental state." For this particular crime, courts have ruled on many occasions there need be *no* showing or proof of a culpable mental state. *See e.g. State v. Lee,* 708 S.W.2d 229, 232–33 (Mo.App.1986). The point is denied.

■ The next point asserts the trial court erred in sustaining an objection to his cross-examination of one of the guards about having been "sued in civil court for damages." The witness answered he had been sued. Counsel then asked if a jury had found he had overreacted. The prosecutor objected, and the court sustained his objection. Singleton argues in the brief this incorrect ruling prevented him from "exposing this potential bias to the jury." As the state correctly points out, defense counsel did not attempt to finish the line of questioning and did not request or make an offer of proof concerning the expected answer. The state cites to *State v. Dixon*, 655 S.W.2d 547, 577 (Mo.App.1983), and *State v. Foulk*, 725 S.W.2d 56, 66 (Mo.App. 1987), for the holding that a party in such a situation must demonstrate the relevancy and materiality to the evidence by way of an offer of proof to preserve the matter. Here, as in *Foulk*, the defendant made no such offer. *Id.* The trial court's discretion with regard to limitation of cross-examination has not been clearly abused. *State v. Jones*, 629 S.W.2d 589, 591 (Mo.App.1981).

■ Singleton's last point pertains to the dismissal of his Rule 29.15 motion for post-conviction relief.

Singleton timely filed a verified *pro se* motion alleging ineffective assistance of counsel. Rule 29.15(d). Later, court-appointed counsel filed a first amended motion that Singleton did not verify, in contravention of Rule 29.15(f). The legal file contains a letter from counsel to the judge confirming a hearing was contemplated, but that the courtroom was under renovation. The motion judge then disqualified himself, and a specially appointed judge summarily entered the dismissal without evidentiary hearing, relying on *Quinn v. State*, 776 S.W.2d 916 (Mo.App.1989). Singleton's point is this order violated Rule 29.15(i) which requires the court to "issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held...." His point relied on states his timely and verified Rule 29.15(d) *pro se* motion did plead facts which required a hearing or at least findings and conclusions under Rule 29.15(g).

First of all, *State v. Quinn, supra,* does not support the action of dismissal. *Quinn* stands for the proposition that a trial court is not required to rule on the merits an original or amended unverified Rule 29.15 motion. 776 S.W.2d at 918. Singleton's original motion was verified.

Singleton, relying on *Klaus v. State*, 782 S.W.2d 455 (Mo.App.1990), argues the motion court should have ruled the unverified amended motion a nullity and then taken up his *pro se* motion, granted a hearing and issued findings and conclusions. The state argues Singleton did not request an evidentiary hearing in his *pro se* motion, so under Rule 29.15(g) none was required. Thus, the motion was ripe for summary dismissal, regardless of its contents. *State v. Cayson*, 785 S.W.2d 794, 796 (Mo.App. 1990).

Although there was no request for a hearing in the *pro se* motion, the letter from motion counsel to the original motion judge makes it abundantly clear those two had a telephone conversation about setting the case for hearing, and, but for there not being a courtroom available a date would have been set. A few days later Singleton filed a request in circuit court "to be present at the hearing." The judge disqualified himself and his replacement shortly thereafter dismissed. Under these unusual circumstances this court rules to affirm the dismissal would be improper and unfair—a hearing was contemplated and in fairness should be allowed to be held on the *pro se* motion.

The judgments of convictions are affirmed, the order dismissal of the *pro se* Rule 29.15 motion is reversed and the cause remanded for an evidentiary hearing.