**STATE of Missouri, Respondent,**

v.

**Tony Renee EAST, Appellant.**

**Tony Renee EAST, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 41157.

Missouri Court of Appeals,
Western District.

Aug. 6, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1991.

Application to Transfer Denied
Nov. 19, 1991.

David S. Durbin, Appellate Defender, Susan L. Hogan, Asst. Appellate Defender, Kansas City, for appellant.

**522**

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before FENNER, P.J., and TURNAGE and ULRICH, JJ.

TURNAGE, Judge.

This is a consolidated appeal in which East challenges his conviction of offering violence to a corrections officer, § 217.385, RSMo 1986, and the denial of a Rule 29.15 motion for post-conviction relief, after an evidentiary hearing. A jury convicted East of offering violence, and the court sentenced him as a prior and persistent offender to three years imprisonment, to run consecutively to the terms to which he had been sentenced already.

East filed a motion for post-conviction relief pursuant to Rule 29.15, alleging that he received ineffective assistance of counsel. The motion court denied the motion after an evidentiary hearing.

On appeal, East raises three points: instructional error; allowing him to appear at trial in restraints; and ineffective assistance of counsel. Affirmed.

■ East first contends the trial court erred in submitting the case because the verdict director did not require the jury to make any finding of a culpable mental state. Section 217.385 states, "No offender shall commit or offer to commit violence to an employee of the department [of corrections] ..." No specific culpable mental state is given in the statute, and this court has consistently held that § 217.385 is a strict liability offense, requiring no culpable mental state. *State v. Singleton*, 799 S.W.2d 120 (Mo.App.1990); *State v. Lee*, 708 S.W.2d 229, 232[3] (Mo.App.1986).

■ As his second point, East claims the trial court abused its discretion in allowing the trial to proceed with him fully shackled in plain view of the jury in that the sight of a defendant in shackles during trial weakens the presumption of innocence. It is clear that the trial court has the discretion to compel the use of restraints for the purpose for maintaining order and security

in the courtroom. *State v. Guinan*, 665 S.W.2d 325, 331 (Mo. banc 1984). However, if the use of security measures is not supported by good cause, a defendant is entitled to appear before the jury unfettered. *Lytle v. State*, 762 S.W.2d 830, 835 (Mo.App.1988).

■ In this case, the court heard evidence of East's four prior convictions. The court, and the jury, also heard evidence that East was incarcerated in the highest security cell block of the Missouri State Penitentiary, and that the men who were housed in that cell block were not allowed to go anywhere within the prison without handcuffs. It was also noted on the record that there was another trial going on in the larger courtroom in the Cole County Courthouse that involved many inmates, and the trial court expressed concern that courthouse security was going to be spread thinly. With these concerns, and considering the nature of the offense, there was good cause to require that East be shackled during the proceedings. *State v. Zeitvogel*, 655 S.W.2d 678, 689 (Mo.App.1983).

Furthermore, it appears from the record that the trial court made every effort to keep the shackles out of the jury's sight: East's right hand was uncuffed to allow him to write notes to his attorney during trial, and the jury was taken out of the courtroom when East walked to and from the witness stand. There was no showing that East was prejudiced in any way. *Lytle*, 762 S.W.2d at 835.

■ For his final point, East charges the motion court with error in denying his post-conviction motion because he was denied effective assistance at trial by trial counsel's failure to adequately and timely investigate whether a videotape of the alleged incident existed. East claims prejudice because the videotape had been destroyed by the time of trial. One of the officers involved in the incident testified that he had videotaped it, and because the lighting conditions were not good, the tape was of very poor quality. The officer turned the tape over to an investigator, who also viewed the videotape, and the investigator testified at trial that the quality of the video was so

poor that he could not tell the men apart in the video. The investigator testified that he returned the tape to the pool so that it could be reused, however, there was no evidence when the tape was destroyed.

The evidence at the hearing indicated that trial counsel made efforts to obtain the tape as soon as he learned of its possible existence. The fact that he was unable to obtain the tape because it had been taped over some months before does not render his services inadequate, especially considering that East himself interrupted the flow of discovery by moving to proceed *pro se.* There was no evidence to support the claim that reasonable investigation would have discovered the tape. *Milentz v. State,* 785 S.W.2d 722, 724 (Mo.App.1990) (under the predecessor rule, Rule 27.26). The finding of the motion court is not clearly erroneous.

The judgment of conviction is affirmed. The denial of post-conviction relief is affirmed.

All concur.