STATE of Missouri, Respondent,

v.

Timothy JOHNSON, Appellant.

Timothy JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 43752, WD 46258.

Missouri Court of Appeals,
Western District.

April 6, 1993.

Robert E. Steele, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

PER CURIAM.

Timothy Johnson was convicted of offering violence to an officer of a correctional institution, and he was sentenced as a prior and persistent offender to a three-year term of imprisonment. He now appeals, claiming that the trial court erred by requiring him to appear in restraints during the trial, and by denying his request for an oral instruction limiting the jury's consideration of his prior convictions. Johnson also appeals from the denial of his Rule 29.15 motion, claiming ineffective assistance of counsel.

The judgments of the trial court and the motion court are affirmed.

On June 26, 1989, Johnson was an inmate in the Missouri State Penitentiary as a result of convictions for first-degree assault, armed criminal action, and possession of a controlled substance. On that day, Johnson was cited with a conduct violation for interfering with a correctional officer's efforts to pack Johnson's belongings prior to placing him in detention.

The next day, Johnson was brought into the office of Lieutenant Stephen Gilpin for a review of the conduct violation. Correctional Officer Stanley Kelley, who prepared the conduct violation, was also present. During the interview, Johnson became belligerent with Kelley, and when Gilpin attempted to intervene, Johnson punched Gilpin in the jaw and in the forehead.

Just prior to Johnson's trial, the following discussion took place in chambers:

THE COURT: Anything else you-all want to take up? Restraints, any suggestions on that.

PROSECUTOR: Judge, the Defendant has a fairly violent criminal history. His conviction that put him in prison is assault, first degree, armed criminal action and possession of phencyclidine. The State would request that he be restrained as much as the court deems

appropriate. The Defendant is also accused of offering violence to an officer and that occurred while a conduct violation was being done; and the Defendant is a professional boxer, according to what he's told others.

THE COURT: Mr. Saulter.

DEFENSE COUNSEL: Your Honor, I would just state that we would request that Mr. Johnson have all restraints removed for purposes of trial in that we think it's necessary in order for him to be given a fair trial and for no negative connotations to be drawn by the jury as a result of the restraint. If the court is inclined not to grant us the request of the removal of all restraints, we request that Mr. Johnson be permitted to at least have his right hand free in order to take notes during trial.

THE COURT: Okay, That's usual and that's what it will be.

■ In his first point on direct appeal, Johnson claims that the trial court abused its discretion by requiring him to appear in restraints during his trial. Johnson argues that the trial court's action was unjustified under the circumstances, particularly since he had not engaged or threatened to engage in any disruptive behavior during the trial.

In its brief, the State argues that this point was not preserved for appeal because there was no subsequent objection to the use of the restraints during trial. However, we find that Johnson's attorney's pretrial request that Johnson appear unshackled was sufficient to preserve this issue for review.

■ The right of a defendant in a criminal case to be free of physical restraints while attending his own trial is not absolute. *State v. Moore*, 633 S.W.2d 140, 142 (Mo.App.1982). The trial court must balance the defendant's right with the court's responsibility for the conduct of the trial, the safety of all persons, and the prevention of escape. *State v. Jimerson*, 820 S.W.2d 500, 503 (Mo.App.1991). The factors which a reviewing court will weigh include the presence or absence of disrup-

tive conduct on the part of the defendant before or during the trial, the trial atmosphere, the likelihood of an attempt to escape, the age and physical attributes of the accused, the nature of the charged offense, the size and mood of the audience, and the adequacy of alternative remedies. *Id.*

The trial court's ruling on this issue will not be overturned absent the showing of an abuse of discretion. *State v. Zeitvogel,* 655 S.W.2d 678, 688 (Mo.App. 1983). To show such an abuse of discretion, a defendant must show that reasonable persons could not differ as to the propriety of the action taken by the trial court. *State v. Jimerson,* 820 S.W.2d at 502. The defendant also bears the burden of showing how he was prejudiced by the trial court's action. *State v. Zeitvogel,* 655 S.W.2d at 688.

In the case at bar, the trial court required that Johnson wear restraints after the prosecutor raised the issues of Johnson's criminal history, the nature of the charged offense, and Johnson's own testimony about his boxing experience. Given these concerns, and the fact that the trial court minimized its decision by allowing Johnson to have one hand unshackled, *State v. Jimerson,* 820 S.W.2d at 503, we are unable to conclude that the trial court abused its discretion.

The fact that Johnson had not disrupted or threatened to disrupt the trial is not, in itself, conclusive. Missouri case law has repeatedly found restraints to be unobjectionable even in the absence of such behavior. *State v. Jimerson,* 820 S.W.2d at 501–503; *State v. East,* 817 S.W.2d 521, 522 (Mo.App.1991); *State v. Bailey,* 745 S.W.2d 832, 834 (Mo.App.1988); and *State v. Zeitvogel,* 655 S.W.2d at 687–688.

In finding that the trial court did not abused its discretion in refusing the pretrial request that Johnson appear without restraints, we note that Johnson's counsel did not request any intermediate measures other than the unshackling of one hand. However, there are a variety of procedures available to mitigate the use of restraints during trial. These include unshackling both hands, removing the chain around the waist, and insuring that the remaining leg shackles beneath the counsel table are not visible to the jury, *State v. Moore,* 633 S.W.2d at 143; having the defendant testify from the counsel table, *State v. Jimerson,* 820 S.W.2d at 503; removing the jury when the defendant walks to and from the witness stand; *State v. East,* 817 S.W.2d at 522; questioning the jury as to any possible prejudice, *State v. McMillian,* 779 S.W.2d 670, 672 (Mo.App.1989); and instructing the jury that restraining the prisoner is court policy and does not reflect upon the credibility, character, or guilt or innocence of the individual defendant, *State v. Guinan,* 665 S.W.2d 325, 330 (Mo. banc), *cert. denied,* 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984).

In his second point on direct appeal, Johnson claims that the trial court erred by denying his request for an oral instruction limiting the purpose for which the jury could consider evidence of his prior convictions. Johnson argues that, without such an instruction, the jury was left to infer that the evidence of his prior convictions was further evidence that he had a propensity to commit crimes of a similar nature, and that he was guilty of the crime for which he was being tried.

At Johnson's trial, the State introduced evidence of Johnson's prior convictions in order to show that he was lawfully confined at the time that the altercation with the correctional officers occurred. Then, the following bench conference ensued:

DEFENSE COUNSEL: Your Honor, at this specific time, I would like for the court to instruct the jury that the evidence that's being presented at this time is being presented in order to show that he's being lawfully confined and not for the purpose of showing that it has any bearing on his credibility in any way or that they can infer from that that he may or may not have committed this crime.

THE COURT: Ms. Joyce.

PROSECUTOR: Judge, I don't know how you would instruct that. Certainly there's an instruction that they will hear later on, but the State, as they outline the evidence to show he's lawfully con-

fined, I think we are allowed to prove that.

THE COURT: I agree with you. That will be denied.

If a defendant requests the trial court to instruct the jury on the limited consideration to be given to evidence of a defendant's prior conviction, the trial court's failure to give such an instruction may be reversible error. *State v. Minor*, 548 S.W.2d 598, 601 (Mo.App.1977). In the case at bar, the trial court did not rule out giving such a limiting instruction when it responded to Johnson's oral request. Instead, the trial court clearly anticipated that a comparable instruction would be given later in the trial.

However, since Johnson failed to request such an instruction at the ensuing instruction conference, the trial court did not err in failing to *sua sponte* give a limiting instruction to the jury. *State v. Harris*, 622 S.W.2d 330, 334 (Mo.App.1981). In any event, we are unable to conclude that the trial court's failure to give a limiting instruction in this case resulted in the prejudice necessary for reversible error, particularly in light of the strength of the evidence against Johnson, and because the jury clearly already knew that Johnson had a criminal background since the charged offense took place in prison.

As his sole point on appeal from the denial of his Rule 29.15 motion for post-conviction relief, Johnson claims that his trial counsel was ineffective for failing to object at trial to the use of physical restraints. However, in our review of Johnson's first point on direct appeal, we concluded that Johnson's trial counsel did, in fact, preserve the issue for appellate review. Therefore, Johnson's point is without merit.

Accordingly, the judgments of the trial court and the motion court are affirmed.

All concur.