**STATE of Missouri, Respondent,**

v.

**Robert KAYSER, and Thomas Kayser, Appellants.**

**Nos. 43754, 44502.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 10, 1982.

Joseph Westhus, Clayton, for appellants.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Consolidated appeals from a jury conviction as to each defendant in a consolidated trial for second degree burglary, § 569.170, RSMo. 1978, and stealing, § 570.030, RSMo. 1978. Robert Kayser was sentenced to concurrent prison terms of three and four years respectively. The trial court found Thomas Kayser a persistent offender and sentenced him to consecutive prison terms of fifteen years for each offense. Defendants assert error in the trial court's refusal to sustain their challenge for cause to a member of the jury panel. We reverse and remand for a new trial.

During voir dire, the assistant prosecuting attorney questioned Mr. Dale E. English, a Federal Postal Inspector, as to his relationship with F.B.I. Special Agent Thomas Fox, expected to be a prosecution witness:

VENIREMAN NO. 13 (Dale E. English): I know Thomas Fox.

MR. WALSH: Would that be through your work?

VENIREMAN NO. 13: Yes, sir. It is through my work. I have furnished Mr. Fox information and he, in turn, furnishes me information.

MR. WALSH: Do you work out of the office here at Hanley?

VENIREMAN NO. 13: Yes, I do.

MR. WALSH: And, in effect, the nature of your job is somewhat of a law enforcement job itself?

VENIREMAN NO. 13: It is a law enforcement position.

MR. WALSH: The fact, given the nature of your job and the fact you have dealings with Tom Fox, and I am sure other officers, do you think that would interfere with your ability to be impartial to both sides in this case?

VENIREMAN NO. 13: No, it would not affect my judgment.

English was also questioned by defense counsel:

MR. WESTHUS: Has Agent Fox said anything to you about this matter?

VENIREMAN NO. 13: No, he has not.

MR. WESTHUS: If he would testify at this trial, would you give his testimony any greater credibility than any other witness who might testify in this case?

VENIREMAN NO. 13: Well, I have to state truthfully that I feel that I possibly would be biased toward a federal agent's testimony, I think. They have a very thorough background, informing them that are federal agents, and I have a great deal of respect for them. In any Federal Court or State Court trial, I think I might possibly be biased in their testimony.

MR. WESTHUS: In that respect, could you give the defendant in this case a fair and impartial trial, in this matter?

VENIREMAN NO. 13: No, I could- be fair.

MR. WESTHUS: Why do you think that?

VENIREMAN NO. 13: I feel when a person is on the witness stand that there is determination as to the arrest of that individual who is placed on the stand.

As the trial court refused to sustain defendants' challenge for cause of English, defendants utilized a peremptory strike to remove English from the jury.

It is well-settled that a defendant in a criminal trial has the right to a complete panel of qualified jurors before he is obliged to make peremptory challenges and the failure of the trial court to excuse for cause a rightfully challenged venireperson is reversible error. *State v. Reynolds,* 619 S.W.2d 741, 749 (Mo. 1981). It is first up to the trial court to ascertain whether the venireperson is qualified. In making this determination the trial court is accorded ample discretion which may not be lightly

displaced on appeal. We do not however give indiscriminate assent to the trial court's exercise of discretion. We must review the record to decide whether the trial court has abused its discretion. *State v. Roberts,* 604 S.W.2d 765, 767 (Mo. App. 1980).

The trial court abused its discretion in allowing English to stay on the panel. Special Agent Fox was one of the investigating agents of the Federal Bureau of Investigation whose work with local police officers led to defendants' arrest and whose testimony was presented by the prosecution. English was engaged in law enforcement, had access to criminal records and had worked with Fox in criminal investigations. Further, English stated he would give more credence to the testimony of federal agents. *State v. Petty,* 610 S.W.2d 126, 127 (Mo. App. 1980).

While English did at one point say he could grant defendants a fair trial, his other statements revealed that the situation was to the contrary. In making the determination as to whether the venireperson is qualified, the trial court must analyze the facts detailed by the venireperson and not accept the venireperson's own assessment that he could be unbiased. *State v. Carter,* 544 S.W.2d 334, 337 (Mo. App. 1976).

Judgment as to each defendant reversed and remanded for a new trial.

REINHARD, P.J., and SNYDER, J., concur.