STATE of Missouri, Respondent,

v.

Ronald I. MITCHELL, Appellant.

No. WD 41976.

Missouri Court of Appeals,
Western District.

March 6, 1990.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
April 24, 1990.

Application to Transfer Denied
June 19, 1990.

David S. Durbin, Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

Appellant, Ronald I. Mitchell, appeals from the denial of his motion, following an evidentiary hearing, for post-conviction relief pursuant to Rule 29.15.

Mitchell was convicted, by the trial court, of first degree robbery and armed criminal action. The convictions were affirmed by this court in *State v. Mitchell*, 750 S.W.2d 463 (Mo.App.1988).

On June 2, 1988, Mitchell filed his *pro se* motion for post-conviction relief. Counsel was subsequently appointed and on July 13, 1988, an amended motion was filed. On April 6, 1989, the motion court, following an evidentiary hearing, issued findings of fact and conclusions of law and denied the motion. Mitchell has appealed asserting a single point of error.

In his sole point on appeal, Mitchell alleges that the motion court erred in overruling his post-conviction motion in that his trial counsel rendered ineffective assistance by virtue of the dual representation which he undertook of Mitchell and Mitchell's co-defendant, Lee T. Davis, thus creating a conflict of interest.

It is unnecessary to reach the merits of Mitchell's case as the amended motion, wherein Mitchell alleges for the first time the conflict of interest issue, was signed only by appointed counsel and therefore, was not verified by Mitchell as required by 29.15(f). *Quinn v. State*, 776 S.W.2d 916, 918 (Mo.App.1989).

Mitchell argues that he was given an evidentiary hearing and that his claims could be verified through their sworn testimony. Verification, however, has been held to be a jurisdictional requirement. *See, Mills v. State*, 769 S.W.2d 469 (Mo. App.1989). This court in *Quinn*, 776 S.W.2d at 918, after reviewing the *Mills* case, held that "the trial court is not required to rule on the merits of a motion presented under Rule 29.15, either as an original filing or as an amended motion, if the movant has not himself verified the motion as provided in Rule 29.15(d) and 29.15(f)." This court further noted that a movant's motion, such as Mitchell's herein, which is not signed and verified by him,

presents nothing for the motion court to consider and certainly no cause for an evidentiary hearing. The conflict of interest issue not being preserved by the amended motion was thus not preserved for review by the motion court.

Ex gratia, however, the motion court heard evidence as to the conflict claim and ex gratia this court holds as did the motion court that Mitchell failed to show that the dual representation constituted an actual conflict of interest and that the conflict adversely affected his counsel's performance.

The judgment is affirmed.

All concur.