Bruce KILGORE, Appellant,

v.

STATE of Missouri, Respondent.

No. 72193.

Supreme Court of Missouri,
En Banc.

June 19, 1990.

Rehearing Denied July 31, 1990.

Deborah B. Wafer, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jared R. Cone, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Judge.

Movant Bruce Kilgore was convicted by a jury of first-degree robbery, § 569.020,[1] kidnapping, § 565.110, and first-degree murder, § 565.020. The jury assessed the death penalty on the murder charge. On October 23, 1987, Kilgore was sentenced by the court as a prior offender, § 558.016, to consecutive life sentences on the robbery and kidnapping charges, and to death on the murder charge. The convictions were affirmed on appeal. *State v. Kilgore*, 771

1. All statutory references are to RSMo 1986.

S.W.2d 57 (Mo. banc 1989). He now appeals the dismissal of his motion for post-conviction relief under Rule 29.15. Affirmed.

On June 17, 1988, movant filed a *pro se* motion seeking an extension of time within which to file a motion under Rule 29.15.[2] The motion asserted, "pursuant to Rule 29.15(b) and (m) ... movant would not be able [sic] to receive a copy of Trial Transcript no later than July 29, 1988 ... present appointed counsel ... refuses to assist movant in a motion under Rule 29.-15...." The motion was signed by movant and sworn to before a notary public. No other verification appears in the document. *The case number appearing in the caption of that motion was that of the underlying case*, file number 861–2414. On June 29, 1988, the trial judge sustained the motion and Kilgore was granted until July 30, 1988, to file a Rule 29.15 motion.

On July 12, 1988, a second *pro se* motion for extension of time to file a Rule 29.15 motion was filed asserting that because an appeal was taken, movant was entitled to file a motion for post-conviction relief at any time within thirty days after the transcript on appeal was filed, citing Rule 29.-15(b). On August 4, 1988, the state filed a motion opposing movant's request and further seeking an order that any extension of time past June 30, 1988, was void.

On August 15, 1988, the public defender was appointed to represent Kilgore and the pending motions were set for hearing. The transcript on appeal in the underlying case was filed August 18, 1988. Up to that point all pleadings and orders were filed in the underlying case, file number 861–2414.

On September 13, 1988, a *pro se* Rule 29.15 motion was filed substantially in the form prescribed by the rule except for being unsigned and unverified. This pleading was given a new case number, PCR–2152, and the case was assigned to the same judge who had been the trial judge in the underlying case. Movant's appointed counsel filed a motion for extension of time to file a motion for post-conviction relief on September 30, 1988. That motion was filed in case number PCR–2152 but the caption was marked "Cause No. 861–2414/PCR." On the same day, the judge entered an order granting movant until December 1, 1988, to amend his post-conviction motion. No amendment was ever filed.

A motion to dismiss the post-conviction motion was filed by the state in case number PCR–2152 on June 29, 1989. It asserted that Kilgore's September 13, 1988, pleading was untimely. However, the motion to dismiss made no complaint that the September 13 motion was unsigned and unverified. A hearing was held on July 14, 1989. At the hearing the judge to whom the post-conviction case was ultimately assigned brought the absence of verification and signature to the attention of movant's appointed counsel. No attempt was made to amend the motion at that time.

The trial judge dismissed movant's motion for post-conviction relief because of movant's failure to verify and timely file the Rule 29.15 motion.

Movant's brief argues that by filing a verified motion for extension of time prior to June 30, 1988, he has complied with the time limits of Rule 29.15(m) and that movant had at least until thirty days following August 18, 1988, to file his Rule 29.15 motion. Alternatively, movant claims that he was denied equal protection of the law and due process because a person in his exceptional circumstances was not entitled *to have a copy of his transcript before he is* required to file his motion for post-conviction relief.

Movant's first attempt to sign and verify his post-conviction motion was by oral motion during argument before this Court on May 22, 1990. The oral motion was followed by a written motion seeking to correct the defect by signing and verifying the Rule 29.15 motion or, alternatively, seeking remand to permit the trial court to allow signing and verification.

■ Before discussing the issues in this case, it is essential to identify the last date upon which movant could have filed a Rule

---

**2.** All references to rules are to Missouri Rules of Court, 1990, unless otherwise noted.

29.15 motion. Rule 29.15(m) and Rule 29.15(b), read together, arguably create an ambiguity when applied to a person in Kilgore's unusual circumstance. Pursuant to the plain language of Rule 29.15(m), because movant was convicted prior to January 1, 1988, and had filed no motion under Rule 27.26,[3] he had only until June 30, 1988, to file a motion seeking relief under Rule 29.15. However, Rule 29.15(b), in equally unequivocal language, gives one with an appeal pending, as did Kilgore, thirty days following the filing of the transcript on appeal to file his post-conviction motion. Any ambiguity should be resolved in movant's favor. *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990). Without deciding the question, it will be assumed that movant had until thirty days following August 18, 1988, to file his Rule 29.15 motion. Having made that assumption, we turn to the claims set forth in the brief.

The first part of movant's argument misconceives the content and purpose of the verification required by the rule. Rule 29.15(d) requires that the contents of a motion to vacate or correct a sentence include all known grounds for relief and that the motion be verified, "declaring that [movant] has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief" not listed in the motion. In this case, neither the motion filed on June 14, 1988, nor the motion for post-conviction relief filed on September 13, 1988, contained such a verification.

■ The requirement of verification found in Rule 29.15(d) is not a mere formality. Like its predecessor, Rule 27.26(c), the purpose of Rule 29.15(d) is to discover and adjudicate all claims for relief in a single proceeding. *Futrell v. State*, 667 S.W.2d 404, 408 (Mo. banc 1984). The verification requirement of Rule 29.15(d) is an essential element of the post-conviction motion. An unverified post-conviction motion is not substantially in the form required by Criminal Procedure Form 40. Rule 29.15(b).

■ The motion for an extension of time filed on June 17, 1988, contained no ground for relief and no verification that it or any subsequent motion would contain all known grounds for relief. When the motion for post-conviction relief was filed on September 13, 1988, it was unsigned and unverified. Neither of the motions was sufficient to invoke the court's jurisdiction to grant relief under Rule 29.15. *Reynolds v. State*, 783 S.W.2d 500 (Mo.App.1990); *Quinn v. State*, 776 S.W.2d 916, 918 (Mo. App.1989); *Mills v. State*, 769 S.W.2d 469, 470 (Mo.App.1989). The trial court committed no error in denying relief because the Rule 29.15 motion was unverified.

■ Movant's belated motion before this Court to sign and verify the Rule 29.15 motion argues that the failure to verify is a "mere irregularity" that should be governed by Rule 55.33, which is applicable to the amendment of pleadings in civil cases. However, amendments of a Rule 29.15 motion are not governed by the Rules of Civil Procedure but by Rule 29.15(f).

An amendment to a Rule 29.15 motion must be filed within thirty days following appointment of counsel or the entry of appearance by counsel who is not appointed; that time may be extended for an additional period not to exceed thirty days. Rule 29.15(f). The public defender was appointed to represent movant on August 15, 1988, and the attorney who represented movant throughout the post-conviction proceedings entered his appearance by filing a motion for extension of time and appearing in person on September 30, 1988. The maximum time limit for filing amended motions is not more than sixty days after counsel is appointed or entry of appearance by counsel that is not appointed. The time limits of Rule 29.15 are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). The remedy under Rule 29.15 exists only within the time limit specified. *Sloan v. State*, 779 S.W.2d 580, 581 (Mo. banc 1989); *White v. State*, 779 S.W.2d 571, 572 (Mo. banc 1989).

There is another equally compelling reason for denying the request for amend-

**3.** References to Rule 27.26 are to Missouri Rules of Court (18th ed. 1987).

ment. Under former Rule 27.26, amendment of a post-conviction motion after an adverse judgment was treated as tantamount to a prohibited successive motion for post-conviction relief. *Thompson v. State,* 606 S.W.2d 263, 264 (Mo.App.1980). The present rule also prohibits successive motions. Rule 29.15(k). To permit amendment of the post-conviction motion after an adverse judgment would, in effect, give movant a second motion for post-conviction relief. That is not permitted.

Movant alternatively argues that the time limits of Rule 29.15(m) violate his right to equal protection and due process. Inasmuch as this opinion assumes that he was entitled to the benefit of the time limits provided in Rule 29.15(b), movant is treated as favorably as all others to whom the rule is applicable. Thus, the claims of denial of equal protection and due process fail.

The arguable ambiguity found in Rule 29.15(b) and Rule 29.15(m), coupled with appointed counsel's unexplained failure to file any proper pleading after obtaining leave to amend, is troublesome. If, in an appropriate state habeas corpus proceeding, movant were to plead and prove facts showing he was entitled to post-conviction relief and that the failure to timely file a verified Rule 29.15 motion was not attributable to movant's intentional or negligent conduct and was due entirely to an ambiguity in the rule, coupled with abandonment by appointed counsel, the question would then be whether, in such limited circumstances, Rule 29.15 provided an adequate post-conviction remedy. If the remedy is inadequate, it might not bar state habeas corpus. *See Wiglesworth v. Wyrick,* 531 S.W.2d 713, 717 (Mo. banc 1976). However, these questions must await another day; this is not a habeas corpus proceeding and none of the necessary pleadings or proof are before the Court.

The trial court's finding that the Rule 29.15 motion was untimely and unverified as required by the rule was not clearly erroneous. The "Motion for Leave of Court to Correct Defect of Rule 29.15 Motion or in the alternative to Remand to the Trial Court for Correction and to Augment Record on Appeal" filed in this Court is overruled. The judgment is affirmed.

AFFIRMED.

BLACKMAR, C.J., ROBERTSON, RENDLEN, HIGGINS and COVINGTON, JJ., and PARRISH, Special Judge, concur.

BILLINGS, J., not sitting.