Kelvin Shelby MALONE, Appellant,

v.

STATE of Missouri, Respondent.

No. 71718.

Supreme Court of Missouri,
En Banc.

Oct. 16, 1990.

Rehearing Denied Nov. 20, 1990.

Melinda Pendergraph, Deborah B. Wafer, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

This appeal is from the trial court's dismissal of Defendant's Rule 29.15 motion. We affirm.

Defendant was charged by indictment on August 27, 1983, with the shooting death of William Parr, a 62–year–old cab driver in St. Louis. The shocking facts giving rise to that indictment are detailed in *State v. Malone*, 694 S.W.2d 723 (Mo. banc 1985), *cert. denied*, 476 U.S. 1165, 106 S.Ct. 2292, 90 L.Ed.2d 733 (1986). On March 30, 1984, following the trial on the merits, the jury found Defendant guilty of capital murder. The following day, the same jury assessed the punishment at death and on April 26, Defendant was formally sentenced to death by the trial judge. On direct appeal Defendant's conviction and sentence were affirmed. *State v. Malone, supra*, at 728.

Defendant filed a Rule 27.26 motion on July 3, 1986, to set aside his conviction and sentence and on March 13, 1987, filed his first amended motion. Neither was verified nor signed by Defendant. The State moved to dismiss alleging that Defendant was currently incarcerated in California and was therefore not "in custody" in Missouri as required by the rule. The trial court sustained the State's motion and the court of appeals in *Malone v. State*, 747 S.W.2d 695 (Mo.App.1988), held the dismissal of the Rule 27.26 motions was proper but such did not bar Defendant, sentenced prior to January 1, 1988, from seeking relief within the June 30, 1988, deadline of Rule 29.15(m). Defendant's counsel during this Rule 27.26 motion period was Dorothy

Hirzy of the Special Public Defenders Office.

■ While Defendant remained incarcerated in California, Hirzy continued her contacts by telephone and correspondence and at Defendant's request filed a Rule 29.15 motion with the circuit court on May 20, 1988. This motion was neither signed nor verified by Defendant but was instead signed by Hirzy. Sometime after the June 30, 1988, deadline, someone in the Special Public Defenders' office became aware the motion was neither signed nor verified as required by the rule and sent a verification form to Defendant in California. He apparently executed this form July 19 but from the record before us, it does not appear to have been filed with circuit court. No explanation is given for this failure.

Assuming defendant had a right, by virtue of filing the unverified motion, until 30 days following May 20 to file an amended motion, the court granted thirty additional days to permit such action. Accordingly, on July 20, 1988, under Rule 29.15(f), Hirzy filed Defendant's first amended Rule 29.15 motion but this motion too was neither signed nor verified by Defendant. On January 12, 1989, an evidentiary hearing was conducted in which the trial court, ruling on the merits of Defendant's claim, denied Defendant's motions. Defendant appealed and this Court originally considered the matter in late 1989. During the appeal, the State challenged the original and the amended unsigned and unverified motions as insufficient under Rule 29.15(d).

Faced with an incomplete record, we remanded the cause directing the trial court to conduct an evidentiary hearing and determine whether the Defendant complied with the verification provisions of Rule 29.-15 and whether Defendant's trial jury was impaneled contrary to the teachings of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987) as

suggested by Defendant in his Rule 29.15 motions.

On January 19, 1990, the trial court conducted the requested evidentiary hearing and on February 20, Defendant filed a motion for leave to supply verification for his original and amended motions. This request was denied by the trial court.

On March 26, 1990, the trial court ruled against Defendant on his *Batson* and *Antwine* challenges and further held: "Personal verification by Movant is a jurisdictional requirement for any action filed under Rule 29.15.... Movant's failure to file a properly verified motion on or before June 30, 1988, deprives this Court of jurisdiction to hear this matter and requires dismissal." It is from this judgment that Defendant appeals.

Defendant had been sentenced on April 26, 1984, and did not effectively seek relief under Rule 27.26 [1]. The latest possible date he could have sought relief under Rule 29.15 was June 30, 1988. *See* Rule 29.15(m).

The content and form of the motion to be filed are delineated by Rule 29.15(d) which states:

The motion to vacate shall include every ground known to the movant for vacating, setting aside, or correcting the judgment or sentence. *The movant shall verify the motion*, declaring that he has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion.

(Emphasis added.) Further, Rule 29.15(f) requires that "[a]ny amended motion *shall* be verified by movant (emphasis added)" and 29.15(b) provides that motions filed under the rule are to be substantially in the form of Criminal Procedure Form 40. Defendant's *pro se* motion does not so conform but had Defendant employed the form provided he would have noted it contains instructions that the motion is to be

---

**1.** As previously noted Defendant's original filing under Rule 27.26 was dismissed without prejudice by the trial court and that ruling was affirmed by the court of appeals. The effect of

such dismissal was to create a situation as though no relief had been sought under Rule 27.26 for purposes of the deadlines contained in Rule 29.15(m).

"signed by the movant and verified (notarized)". The form contains a signature line for movant and the appropriate space for acknowledgment. Simply stated, the unverified motion is not substantially in the form required by Form 40. Defendant failed to meet Rule 29.15's mandatory requirements,[2] and any doubts concerning the effect of the plain language of the rule were dispelled by this Court's recent pronouncement that an unverified motion was a nullity which failed to invoke the circuit court's jurisdiction. *Kilgore v. State*, 791 S.W.2d 393 (Mo. banc 1990).

■ The fact that he was afforded an evidentiary hearing on the merits of his claim is not helpful to Defendant, for verification is a jurisdictional requirement under Rule 29.15, *State v. Mitchell*, 789 S.W.2d 55 (Mo.App.1990); *see also Hill v. State*, 783 S.W.2d 501 (Mo.App.1990) (motion filed under Rule 24.035), and jurisdictional questions may be raised at any time. *Wescott v. State*, 731 S.W.2d 326, 327 n. 2 (Mo.App. 1987). Though the State challenged the motions' want of verification for the first time on appeal, such does not preclude consideration of the issue.

The verification requirement is not a shallow gesture of form over substance, for:

> The obvious purpose of the verification requirement ... is to discourage frivolous and unfounded allegations which must be addressed by trial courts already over burdened with a proliferation of post-conviction remedy motions.

*West v. State*, 787 S.W.2d 856, 857 (Mo. App.1990). To require verification of a pro se and amended motion places no undue burden on the movant, who need only sign and have his signature acknowledged. It gives pause to those who would mislead the court or abuse the system but creates no bar to those with reasonable bases for such claims. Further, an important aspect of the rule is to discover and adjudicate all claims for relief in a single proceeding.

■ Rule 29.15(m) established the deadline of June 30, 1988, for those situated as defendant here to seek post-conviction under the rule. This contemplates that the motion filed will be in compliance with Rule 29.15(d), and because Defendant failed to do so, his "pro se" motion filed on May 24, 1988, was a nullity. *Quinn v. State*, 776 S.W.2d 916 (Mo.App.1989). In sum Defendant failed to meet the June 30 deadline. His first request to amend his motion and to sign and verify came February 20, 1990, more than a year and a half following expiration of the deadline. The same bar applies to Defendant's first amended Rule 29.15 motion. The time limits of Rule 29.15 are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Failure to meet the scheduled deadline foreclosed Defendant's right to proceed. *Id.* at 696.

Judgment affirmed.

HIGGINS, COVINGTON and HOLSTEIN, JJ., and CRIST, Special Judge, concur.

BLACKMAR, C.J., concurs in result in separate opinion filed.

WASSERSTROM, Senior Judge, concurs in result and concurs in concurring in result opinion of BLACKMAR, C.J.

ROBERTSON and BILLINGS, JJ., not sitting.

BLACKMAR, Chief Justice, concurring.

Once again the Court terminates a post-conviction application on procedural grounds. It does so even though the trial court has held a full hearing on the grounds assigned in the 29.15 motion. I am confident that future courts the defendant may call upon will not find that the procedural delicts described in the principal opinion bar him from a ruling on the merits

---

**2.** Under Rule 27.26 the filing of an unverified motion had long been held unacceptable and a ground for dismissal. *State v. Rector*, 547 S.W.2d 525, 526 (Mo.App.1977); *Riley v. State*, 588 S.W.2d 738, 741 (Mo.App.1979). This was

so because verification was held to be mandatory and jurisdictional. *Mills v. State*, 769 S.W.2d 469, 470 (Mo.App.1989). *See however, Rodden v. State*, 795 S.W.2d 393 (Mo. banc 1990).

of his claims. I only hope that these courts will realize that he has been afforded a full evidentiary hearing, and will give appropriate deference to the findings of fact as determined by Judge Saitz.

This defendant started out under Rule 27.26, but was denied relief because he was not incarcerated in the state of Missouri. The problem is similar to *State v. Rodden*, 795 S.W.2d 393 (Mo. banc 1990). Rodden was, of course, incarcerated in the state and this defendant is not, but the *Rodden* opinion furnishes ample precedent for applying the 27.26 rules and affording this defendant a review of the points raised.

The case also has some similarities to *Smith v. State*, 798 S.W.2d 152 (Mo. banc 1990) (decided today), in which an evidentiary hearing was held. I suppose that, technically, the option I suggested in *Smith* is not available in this case because the defendant is not detained in Missouri. Therefore, we would not be able to treat the papers as a petition for habeas corpus. When and if the defendant is returned to Missouri, he would be entitled to pursue habeas corpus remedies to the extent that he could establish cause for not following procedural remedies. *Kilgore v. State*, 791 S.W.2d 393 (Mo. banc 1990).

Perhaps the defendant will not return. I understand that he is subjected to two death sentences in California, and I doubt that that state will be very much disposed to let him go. But, I cannot condone a situation in which the state provides counsel for a movant, as required by our rules, and then seeks to impose a procedural default because of the failure of appointed counsel to do what should be done within the time required. The principal opinion's discourse about the plain meaning of Rule 29.15 is unconvincing. We made that rule rather recently, and we are entitled to give it a reasonable interpretation. Cases in other areas hold that a requirement of verification may be relaxed if opposing counsel proceeds to hearing without raising the point. There is no reason why Rule 29.15 could not be construed in a similar manner.

Our Court would best serve the interest of speedy justice if we would insure that factual questions which arise in post-conviction proceedings are speedily disposed of, with evidentiary hearings when required, and then finally reviewed in the appellate process.

I have examined the merits of the petitioner's arguments and find them to be without merit. Inasmuch as the majority does not reach the merits, I see no need for detailed discussion. I would affirm on the merits.