**Wesley TAYLOR, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 58166.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 26, 1990.

Bruntrager & Billings, P.C., Neil J. Bruntrager, and Mary P. Schroeder, St. Louis, for movant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals denial of his motion for post-conviction relief without an evidentiary hearing filed under Rule 29.15. Movant seeks relief alleging ineffective assistance of trial counsel for failure to preserve a *Batson* claim for appeal and ineffective assistance of appellate counsel for failure to raise the *Batson* claim on direct appeal. Facts regarding movant's trial and sentencing are found in *State v. Taylor*, 716 S.W.2d 404 (Mo.App.1986) (conviction affirmed by order per curiam on July 29, 1986).

Additional facts are that movant is a black man. He was tried concurrently with a co-defendant, also black, on July 5, 1985, while *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) was the law governing peremptory striking by the state of black venire persons. *Swain* required a defendant to demonstrate a sys-

tematic use by prosecutor of peremptory challenges for discriminatory purposes. During voir dire the state used its peremptory strikes to remove the remaining black venirepersons from the jury panel. Counsel for *co-defendant* objected, claiming a discriminatory motive and made a record in chamber. Counsel for movant did not join in the objection and accepted the jury. While movant's conviction was on direct appeal, the Supreme Court decided *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *Batson* held that a defendant who is a member of a racial minority is no longer required to demonstrate a prosecutor's systematic use of peremptory challenges for racially discriminatory purposes. As a consequence, defendant may now support a challenge to the jury with a prima facie case with evidence prosecutor racially discriminated in his trial alone. After *Batson* was decided, movant's appellant counsel did not request leave to amend his appeal to include the *Batson* claim nor did counsel include this claim in the post appeal motions.

On May 31, 1988, movant filed his Rule 29.15 motion. It consisted of a form motion and a three page typed motion to vacate Conviction which was prepared by movant's attorney and incorporated by reference into the form motion. Movant signed the form. However, he failed to sign the statement of verification on the form. Movant signed the incorporated typed motion to vacate conviction and this signature was notarized as "subscribed and sworn." No verified amended motion was ever filed.

The state filed a motion to dismiss for failure to verify the motion as required by Rule 29.15(d). On February 23, 1990, the court overruled state's motion to dismiss and denied movant an evidentiary hearing. On March 2, 1990, the court denied movant's motion to vacate the sentence and judgment under Rule 29.15, and entered its findings of facts and conclusions of law.

On June 19, 1990, the Supreme Court of Missouri decided *Kilgore v. State*, 791 S.W.2d 393 (Mo. banc 1990). *Kilgore* held an unverified motion for post-conviction relief is insufficient to invoke the trial

**810**

court's jurisdiction to grant relief. *Id.* at 395. Rule 29.15(d) requires movant to verify the motion " 'declaring that [movant] has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief' not listed in the motion." *Id.* The requirement of verification is not a mere formality; it is essential. *Id.* Thus, in the instant case movant's failure to verify his motion or timely file a verified amended motion is fatal. Movant's notarized signature on the incorporated motion cannot constitute verification under Rule 29.15(d) because the document signed and notarized does not contain the language required by the rule. *Id.* See also *Malone v. State,* 798 S.W.2d 149 (Mo. banc 1990); and *State v. Vinson,* 800 S.W.2d 444 (Mo. banc 1990). The Supreme Court of Missouri has ruled three times in recent months in *Kilgore, Malone* and *Vinson* that the plain language of Rule 29.15 regarding the verification of the motion means that an unverified motion under Rule 29.15(b) and (f) is a nullity and fails to invoke the motion court's jurisdiction. Accordingly, the motion was insufficient and did not invoke the jurisdiction of the trial court.

Although *Kilgore* fully disposes of movant's appeal, we note the trial court correctly denied movant's motion without an evidentiary hearing. Movant's trial counsel is not ineffective for failure to preserve a *Batson* claim when the trial occurred prior to the *Batson* decision. *Young v. State,* 770 S.W.2d 243, 244 (Mo. banc 1989). The rule authorizing post-conviction relief is not ordinarily applicable to conduct of appellate counsel. *Mallett v. State,* 769 S.W.2d 77, 83 (Mo. banc 1989) *cert. denied* — U.S. ——, 110 S.Ct. 1308, 108 L.Ed.2d 484 (1990).

We reverse and remand with directions for the trial court to dismiss for lack of jurisdiction.

PUDLOWSKI, P.J., and GRIMM, J., concur.