Archie COLE, Defendant–Movant,

v.

STATE of Missouri, Plaintiff–Respondent.

No. 58697.

Missouri Court of Appeals, Eastern District, Division One.

June 11, 1991.

Rehearing Denied July 23, 1991.

Mark Bahn, St. Louis, for defendant-movant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Chief Judge.

Movant, Archie Cole, appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant previously had pleaded guilty to assault in the first degree and was sentenced, on July 14, 1989, to imprisonment for ten years. On October 12, 1989, movant's Rule 24.035 motion was filed through his counsel, but was not verified by mov-

ant. On that same day, movant filed a motion for leave to verify his postconviction motion out of time. On October 20, 1989, by separate affidavit, movant purported to verify his Rule 24.035 motion. The court subsequently denied the motion without an evidentiary hearing and issued findings of fact and conclusions of law.

Rule 24.035(b) requires that a postconviction motion "be filed within ninety days after the movant is delivered to the custody of the department of corrections." Here, the original motion for postconviction relief which was filed by movant's attorney was timely but was not verified in accordance with Rule 24.035(d). The attempted verification, which was filed after the initial motion, admittedly was not filed within the ninety day period set forth in Rule 24.-035(b). It therefore did not operate as a verification of the original motion.

The most recent pronouncements of the Missouri Supreme Court have held that the verification requirement of Rule 24.035(d) is jurisdictional. *State v. Vinson,* 800 S.W.2d 444, 446–448 (Mo. banc 1990); *Malone v. State,* 798 S.W.2d 149, 150–151 (Mo. banc 1990) (citing *Kilgore v. State,* 791 S.W.2d 393 (Mo. banc 1990)). Movant's unverified motion was therefore a nullity which failed to invoke the circuit court's jurisdiction. *See Id.*

We need not address whether the failure to verify a Rule 24.035 motion could constitute "abandonment" by postconviction counsel such that this case should be remanded for further findings about whether movant or counsel was responsible for the action or inaction with regard to the motion. *See, e.g., Sanders v. State,* 807 S.W.2d 493 (Mo. banc 1991) (counsel's failure to timely file amended motion in compliance with Rule 29.15(f) may constitute abandonment by counsel); *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991) (appointed counsel's failure to file an amended motion in accordance with Rule 29.15(e) may constitute abandonment by counsel). The issue of abandonment by counsel is not before us in this appeal. In addition, we are constrained to follow decisions of the Missouri Supreme Court as they were enunciated in *Vinson, Malone,* and *Kilgore. See Gunter v. State,* 754 S.W.2d 594, 596 (Mo. App.1988).

The trial court properly denied movant's motion without an evidentiary hearing. Movant's points on appeal are denied.

The judgment of the trial court is affirmed.

PUDLOWSKI and KAROHL, JJ., concur.