**STATE of Missouri, Respondent,**

v.

**Edgar BILYEU, Appellant.**

**and**

**Edgar BILYEU, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 17476, 17732.

Missouri Court of Appeals,
Southern District,
Division One.

June 12, 1992.

J. Gregory Mermelstein, Columbia, for appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Following a jury trial, Edgar Bilyeu (defendant) was convicted of sexual abuse in the first degree, a class D felony. §§ 566.-100.1(2) and .2.[1] He was not represented by counsel. Defendant was sentenced to five years' confinement. The sentence was imposed on May 18, 1990. Defendant sought a special order from this court to file a notice of appeal out of time. This court granted that request on April 4, 1991. It ordered that defendant be permitted to file his notice of appeal "within ten (10) days from the date [the circuit clerk] received notification of the issuance of this

1. References to statutes are to RSMo 1986.

[court's] special order." Rule 30.03. Defendant filed his notice of appeal in the criminal case April 18, 1991.

Defendant filed a pro se motion seeking post-conviction relief on July 15, 1991. On August 8, 1991, the motion court denied that motion without an evidentiary hearing "on grounds that Rule 29.15 contemplates time limits based on an appeal filed [within] time granted by Rules and not an appeal allowed to be filed out of time."

Defendant appeals from the judgment of conviction in his criminal case (No. 17476) and from the order dismissing his Rule 29.15 motion (No. 17732). Those appeals were consolidated as required by Rule 29.-15(*l*). This court reverses the motion court's order dismissing defendant's Rule 29.15 motion and remands with instructions. Defendant's appeal from the judgment of conviction in the underlying criminal case is suspended until final determination of the issues raised by the Rule 29.15 motion. Rule 29.15(*l*).

Defendant raises two points on appeal. The first point is directed to the appeal in the criminal case. The second is directed to the appeal in the post-conviction proceeding—the Rule 29.15 motion. The determinative issue in this case, the issue presented by defendant's second point, is procedural. For that reason, the recitation of facts included in the discussion that follows is limited to a statement of only those facts essential to that determination.

■ The time in which a Rule 29.15 motion may be filed is determined as follows:

> If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal pursuant to Rule 30.04. If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections.

Rule 29.15(b). Defendant's transcript on appeal in the criminal case was filed July 9, 1991. His Rule 29.15 motion was filed July 15, 1991—within thirty days after the transcript on appeal was filed in the criminal case. The state argues, however,—and the motion court found—that the thirty days should be calculated as having begun to run on the last day when the transcript would have been required had the appeal been timely. To have been timely, a notice of appeal would had to have been filed "not later than ten days after the judgment or order appealed from becomes final." Rule 30.01(d). A judgment in a criminal case becomes final for purposes of appeal when sentence is entered—in this case, on May 18, 1990. *State v. McDonald*, 811 S.W.2d 57, 58 (Mo.App.1991). The last date on which the notice of appeal could have been filed, originally, was May 28, 1990. Had the notice of appeal been filed on that date, the record on appeal (the transcript and the legal file) would had to have been filed on or before August 27, 1990.[2] Rules 30.04(f) and 81.18. Since defendant's Rule 29.15 motion was not filed until July 15, 1991, it was not filed within thirty days after it would have been due had the appeal proceeded according to the time constraints of Rule 30.01. The state contends that the filing of the transcript on appeal was, therefore, not timely.

Defendant contends that the plain language of Rule 29.15(b) permits a motion for post-conviction relief to be filed "within thirty days after the filing of the transcript." He argues that Rule 29.15(b) does not require the time for filing a post-conviction motion to be based upon the time a transcript would have been filed had the appeal in the criminal case been timely.

By reading Rules 30.01 and 30.03 together, it is arguable that they create an ambiguity as to when, for purposes of interpreting Rule 29.15(b), a transcript in a criminal case must be filed. Rule 30.01 starts the ninety-day period within ten days following formal sentencing of a defendant. Rule 30.03 starts the ninety-day period within ten days following some other date (within

2. The record on appeal would have been required to be filed ninety days after the filing of the notice of appeal. Rule 81.18. The nineteeth day would have been August 26. Since that date was on a Sunday, defendant would have had until August 27, 1990, the following Monday, in which to file the record on appeal. *See* Rule 44.01(a).

twelve months after formal sentencing) that the appropriate appellate court has designated. "Any ambiguity should be resolved in [a] movant's favor." *Kilgore v. State*, 791 S.W.2d 393, 395 (Mo. banc 1990). This court holds that, for purposes of Rule 29.15(b), "the filing of the transcript" is the date the transcript is required to be filed regardless of whether the appeal is "timely," as prescribed by Rule 30.01, or "untimely," but pursuant to a special order as prescribed by Rule 30.03. Defendant's second point on appeal is well taken. The motion court erred in dismissing defendant's Rule 29.15 motion on the basis that the motion was not timely filed.

The order dismissing defendant's Rule 29.15 motion is reversed. That case is remanded to the trial court with directions to proceed as required by Rule 29.15(e) to ascertain if defendant is now indigent and to thereafter hear and determine either the pro se motion that has been filed or any amended motion that may hereafter be timely filed. The appeal in defendant's criminal case shall remain suspended pursuant to Rule 29.15(*l*), pending final determination of the issues that have been or will be raised in the post-conviction proceeding.

PREWITT, P.J., and CROW, J., concur.